IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS P. DEGREGORIO, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07CV2683 |
| | ) | |
| PHILLIPS ELECTRONICS NORTH | ) | Magistrate Judge Susan E. Cox |
| AMERICA CORPORATION, individually | ) | |
| and d/b/a NORELCO CONSUMER | ) | |
| PRODUCTS COMPANY; SPECTRUM | ) | |
| BRANDS, INC., individually and d/b/a | ) | |
| RAYOVAC CORPORATION; and | ) | |
| WAHL CLIPPER CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on defendants' motion for a protective order regarding subpoenas served on third-parties by the plaintiff in this patent infringement case. For the reasons set forth below, that motion is granted in part and denied in part.

Plaintiff, Dennis DeGregorio, Jr ("plaintiff") is the owner of a patent for a hair trimmer with a built-in vacuum. He has sued defendants for infringement for the sale of their hair trimmer and they have contended, among other things, that the patented device is obvious and, accordingly, the patent is invalid. The subpoenas at issue were served on four of defendants' largest customers and request the following five categories of information: (1) documents sufficient to show the annual unit and dollar volume of sales by the customer of the Remington branded hair trimmers: (2) documents which show the unit and dollar volumes of purchase orders by the customers of the hair

1

trimmers; (3) documents sufficient to show the retail price of each hair trimmer; (4) sales, promotional and/or marketing documents and (5) documents sufficient to show the current inventory levels of the hair trimmers.

Defendants argue that they are entitled to a protective order for the following three reasons which establish "good cause." First, they argue that the documents sought from their customers are cumulative of documents produced to plaintiff by them in this litigation. Second, they contend that the production of these materials by their customers is burdensome for their customers. Finally, they argue that the materials are not relevant to any issue in the case. Plaintiff argues in response that defendants have not established good cause for a protective order because the materials sought are relevant to the issue of what reasonable royalty should be paid to plaintiff should he prevail in this action and to the issue of non-obviousness. Plaintiff further argues that the subpoena is neither cumulative nor burdensome.

Under the Federal Rules of Civil Procedure 26(c), this court should enter the protective order only if defendants have shown good cause that one is necessary to protect "a party or person from annoyance, embarrassment, oppression or undue burden or expense." Clearly, if the materials sought by plaintiff are not relevant, such an order should be entered. Plaintiff makes two primary arguments concerning relevance. The first is that the documents are relevant to the issue of what reasonable royalty should be paid to plaintiff if there was an infringement of his patent. Plaintiff, however, has cited no authority to establish that a calculation of royalty would depend on in any way the infringer's retail customers' profits for the accused device. A reasonable royalty is based on a "hypothetical royalty resulting from arm's length negotiations between a willing licensor and a willing licensee." *Hanson v. Alpine Valley Ski Area, Inc.,* 718 F.2d 1075, 1078 (Fed. Cir. 1983).

2

That determination depends on an analysis of the infringer's profits, not its customers'. *See TWM Mfg. Co. v. Dura Corp.,* 789 F.2d 895, 899 (Fed. Cir. 1986).

The second argument plaintiff makes is that the customers' sales and profits are relevant to show that the patented device is non-obvious. A "secondary consideration" of non-obviousness is the commercial success of the device. 2 IP Litigation Guide: Patents & Trade Secrets § 15:31 (2007). Simply put, the concept is that if the device has experienced commercial success, one may infer that it fulfilled a long felt need and was not, therefore, obvious. Plaintiff argues that the sales figures which defendants have provided only tell part of the story regarding commerical success. Although he is aware of the quantity sold and price of the accused device which defendants have sold to their customers, he does not know how quickly defendants' retail customers have been able to sell the device, what they have been able to charge for it (or their profits), and whether increased demand for the product has affected the price of the device over time to its ultimate customers, the consumers.

The court agrees that materials responsive to Requests Nos 1, 2, 4 and 5 are relevant on the issue of commercial success. However, the items requested in Request No. 3, which asks for promotional and advertising materials from customers regarding the device, are too tangential to the issue of commercial success to be discoverable. In so ruling, we recognize that defendants' own sales figures and profits would eventually reflect the degree of commercial success which would, for example, hypothetically be shown by rapid sales by defendants' retail customers of the device to customers at higher prices once demand for the device was shown. However, we are unwilling to conclude that this information is not discoverable from defendants' customers. The United States Court of Appeals for the Federal Circuit has recognized that sales information from non-parties may

3

be relevant on the issue of commercial success. *Truswal Systems Corp. v. Hydro-Air Engineering, Inc.,* 813 F.2d 1207, 1211 (Fed. Cir. 1987). Further, defendants' cited authority, in which courts have quashed such subpoenas on third parties, were so decided not because the information sought was irrelevant, but because the information was cumulative of information already possessed by plaintiff, or because the discovery was designed to interfere in some way with customer relationships. *Joy Technologies, Inc. v. Flakt, Inc*., 772 F. Supp 842, 845 (D. Del. 1991): *Murata Manufacturing Co., Ltd. v. Bel Fuse, Inc*., 234 F.R.D. 175, 186 (N.D. Ill. 2006). [1]

Defendants make no real claim that their relationships with their customers will be harmed in any way. Indeed, the customers in this case have not opposed the subpoenas themselves and their objections to the subpoenas were in the nature of boiler plate objections. At least one of the customers was in active negotiations with plaintiff regarding compliance when this motion was filed. In *Murata*, by contrast, the entry of the protective order was founded on the court's acceptance of evidence which showed that the risk of injury to the customer relationship might be irreparable. *Id.* at 178. Similarly in *Joy,* the plaintiff and defendant were actual and fierce competitors and, accordingly, plainitff's reequested contact with defendant's customers posed a real risk of harassment. 772 F. Supp. at 849. In addition, plaintiff has stated in open court that he will not attempt to serve any further subpoenas on other customers.

The final basis to grant the motion to quash is if the materials requested are truly cumulative of what defendants already has been produced to plaintiff. Request No. 2, which asks for purchase orders by customers for the device, is cumulative of what defendants already have produced

---

[1] In *Murata*, the court also emphasized the fact that plaintiff did not cite any authority to support its contention that sales information of defendant's customers was relevant on the issue of commercial success. However, it seems clear that *Truswall* does indeed so hold. 813 F.2d 1207, 1211-1212.

regarding total units sold to these customers. Accordingly, Request No. 2 is quashed. Requests Nos. 1, 2 and 5, however, are not cumulative of the defendants' production as these requests focus on sales, pricing and inventory levels of the device at the retail level which is information defendants admittedly do not possess. These requests therefore will be allowed.

In sum, the court grants defendants' motion for a protective order as to Requests No. 2 and 3, and denies it as to Requests Nos. 1, 4 and 5.

**IT IS SO ORDERED.**

U.S. Magistrate Judge
Susan E. Cox

Date: December 28, 2007